[NOT FOR PUBLICATION-NOT TO BE CITED AS PRECEDENT]

# United States Court of Appeals
## For the First Circuit

---

No. 00-1498

UNITED STATES,

Appellee,

v.

ALBERTO D. SANCHEZ-ALVAREZ,
a/k/a SEALED DEFENDANT 25,
a/k/a GILBERTO,

Defendant, Appellant.

---

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Héctor M. Laffitte, U.S. District Judge]

---

Before

Boudin, Chief Judge,
Campbell, Senior Circuit Judge,
and Lipez, Circuit Judge.

---

Rafael Gonzalez Velez on brief for appellant.
Guillermo Gil, United States Attorney, Jorge E. Vega-Pacheco, Assistant United States Attorney, and Thomas F. Klumper, Assistant United States Attorney, on brief for appellee.

**Per Curiam**. Alberto D. Sanchez-Alvarez appeals from the five-year mandatory minimum sentence he received following his guilty plea to one count of possession with intent to distribute heroin.  He claims that the district court erred in denying him the benefit of the safety valve provision of the United States Sentencing Guidelines. See U.S.S.G. §§ 5C1.2 and 2D1.1(b)(6).  Specifically, Alberto Sanchez challenges the sentencing court's finding that he failed to meet the safety valve requirement that he truthfully provide the government with all information and evidence he has concerning the offense. U.S.S.G. § 5C1.2. The sentencing court found that Alberto Sanchez had not been candid in his debriefing interview with U.S. Customs agents and that his testimony at the sentencing hearing was untruthful.

"We review for clear error the factual findings underlying the district court's determination that the safety valve was unavailable." United States v. Woods, 210 F.3d 70, 76 (1st Cir. 2000). The record indicates that following an evidentiary hearing at which defense counsel cross-examined the government's two witnesses and argued

vigorously in favor of the application of the safety valve provision, the district court, after carefully considering all the evidence, determined that the provision did not apply because Alberto Sanchez had not been truthful. That finding is amply supported by the record evidence. Under these circumstances, the sentencing court did not err in denying Alberto Sanchez the benefit of the safety valve provision. See United States v. White, 119 F.3d 70, 74 (1st Cir. 1997).

Alberto Sanchez objects that the district court should not have permitted U.S. Customs Agent Richard Roark to testify at the sentencing hearing about the meaning of encoded language used in a recorded telephone conversation between Alberto Sanchez and a co-defendant because Agent Roark was not qualified as an expert. Appellant's reliance upon Fed.R.Evid. 702 is misplaced. "The Federal Rules of Evidence do not pertain during the sentencing phase of a criminal trial." United States v. Robinson, 144 F.3d 104, 108 (1st Cir. 1998). Moreover, "[e]ven in a trial setting, we often have permitted law enforcement officers, not formally trained as 'experts,' to furnish opinions based on their real-world experience." Id. Agent Roark's testimony easily satisfied the Sentencing Guidelines' requirement that

it possess "sufficient indicia of reliability to support its probable accuracy." U.S.S.G. § 6A1.3(a).  Therefore, the district court did not err in considering his testimony in sentencing Alberto Sanchez.

Alberto Sanchez' sentence is <u>affirmed</u>. <u>See</u> Loc. R. 27(c).